IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TONY R. WHISENANT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:15-cv-01342-EFM |
| OXY USA, Inc., | ) ) ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

Plaintiff Tony R. Whisenant ("Plaintiff") and Defendant OXY USA Inc. ("Defendant" or "OXY") (collectively, "the Parties") believe that during the course of discovery in the above-captioned lawsuit (the "Action"), Defendant or third parties may contend that certain confidential information relating to the subject matter of this Action is requested. Defendant believes that certain categories of such information should be treated as confidential, protected from disclosure outside this Action, and used only for purposes of prosecuting or defending this Action and any appeals. The Parties believe that Defendant or third parties subpoenaed may contend that certain information is highly sensitive and deserving of "Attorneys' Eyes Only" protection. Plaintiff believes that litigation over such claims will unduly delay discovery and mount the costs and expenses for all concerned. The Parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.[1]

Defendant asserts in support of its request that protection of the identified categories of

---

[1] OXY requests entry of this Protective Order subject to and without waiving the objections to venue and jurisdiction raised in its Motion to Dismiss [Dkt. 5].

confidential information is necessary because the Action implicates certain highly competitive aspects of the oil and gas industry and the personal information of royalty owners in Oklahoma. OXY considers the following documents and their terms, which may be requested and/or disclosed in the Action, to be confidential and competitively-sensitive, particularly to the extent that they contain commercial terms of sale: contracts between OXY and gas purchasers, gatherers, processors, and/or similarly situated parties; marketing contracts; plant statements; documents regarding the manner in which OXY produces, moves, and sells its gas; documents regarding the calculation of royalties; and documents regarding the properties and/or constituents of the gas stream marketed.

The fact that this case is a putative class action also necessitates the entry of the proposed Protective Order, as discovery may involve the production and disclosure of information for putative class members that discloses their personal financial information, such as royalty payment information.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**   All documents and materials produced in the course of discovery of this Action, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definitions of Confidential Information and Attorneys' Eyes Only**

**Information.**   As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the Action because its disclosure and use are restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.   For purposes of this Order, Defendant will limit its designation of "Confidential Information" to the following categories of information or documents:

- Contracts between Defendant (and/or its predecessors-in-interest or affiliates) and gas purchasers, gatherers, processors, and/or similarly situated parties;

- Sales or marketing contracts;

- Plant, gathering, or processing statements;

- Documents regarding the manner in which OXY produces, moves, and sells its gas;

- Documents regarding the properties and/or constituents of the gas stream marketed;

- Documents reflecting the calculation and/or payment of royalties and deductions taken, including but not limited to paydecks, check detail, check stubs, and royalty/revenue accounting information;

- Documents reflecting personal information of royalty owners;

- Contracts, agreements, or conveyances where the parties thereto agreed to confidentiality of the terms, including settlement agreements;

- Internal company communications that discuss the above categories of information;

- Records whose disclosure is restricted or prohibited by statute;

- Disclosures, answers to interrogatories, responses to requests for admission, and other discovery responses containing information in the categories listed in this subsection; and

- Documents or information that OXY in good faith believes contain or reflect confidential, commercially sensitive, and/or proprietary information whose disclosure would harm the commercial interests of OXY or its affiliates.

3

Information or documents that are available to the public without any confidentiality restrictions may not be designated as Confidential Information.

Parties or non-parties responding to discovery requests and who request to be bound by this Protective Order may also designate certain information as "Attorneys' Eyes Only Information." Attorneys' Eyes Only Information shall mean and refer to any documents, materials, tangible things, deposition testimony or information which are produced by a Party or non-party and which are:

(1)     deemed in good faith by the Party or non-party producing them at the time of production to constitute such extremely sensitive confidential commercial information that disclosure to a business competitor would create a substantial risk of serious commercial injury that could not be avoided by less restrictive means;

(2)     has not previously been disclosed to a Party herein without confidentiality restrictions; and

(3)     designated as "Attorneys' Eyes Only" in accordance with the procedures set forth in Paragraph 3 below.

Hereafter, all references to Confidential Information shall be deemed to include and also apply to Attorneys' Eyes Only Information unless the context clearly reveals otherwise. The persons to whom Attorneys' Eyes Only Information may be disclosed are covered by the last sentence of Paragraph 6(b) below.

**3.     Form and Timing of Designation.**   The producing party may designate documents as containing Confidential Information and therefore subject to protection under this

4

Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter each such designation is referred to as "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

4.    **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure.

5.    **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

5

6.      **Protection of Confidential Material.**

(a)      **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this Action, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

(b)      **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)      The Parties to this Action, including any employees, agents, and representatives of the parties;

(2)      Counsel for the Parties and employees and agents of counsel;

(3)      The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)      Court reporters, recorders, and videographers engaged for depositions;

(5)      Any mediator appointed by the court or jointly selected by the Parties;

(6)      Any expert witness, outside consultant, or investigator retained specifically in connection with this Action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)      Any trial witness or person being deposed in connection with the Action, and his or her counsel if such person is employed by the party that produced the document or, if such person is not so employed then to such person and that person's counsel only to the extent such disclosure is believed by the disclosing counsel to be reasonably necessary to the prosecution or defense of the Action or to the extent such confidential documents or information are reasonably necessary to assist the witness in preparing for such testimony or in testifying, and only after such persons have completed the certification contained in Attachment A;

      (8)     The author or recipient of the document (not including a person who received the document in the course of the Action);

      (9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this Action; and

      (10)    Other persons only upon written consent of the producing party and on such conditions as the Parties may agree.

Attorneys' Eyes Only Information may only be viewed by persons described in categories (2)-(6) and (8)-(10) above.

      **(c)**     **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the Parties must maintain a record of those persons who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order. Attorneys' Eyes Only Information may only be disclosed to those specified above in this Order.

      7.     **Filing of Confidential Information.**  In the event a Party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that Party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

      Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The Parties understand that the requested documents may be filed under seal

only with the permission of the court after proper motion. If the motion is granted and the requesting Party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any Party. Before filing any motion or objection to a confidential designation, the objecting Party must meet and confer in good faith to resolve the objection informally without judicial intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the Party asserting confidentiality. Until the court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of the Action.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all

provisions of this Order will remain in effect and continue to be binding after conclusion of the Action.

**(b)** **Return of Confidential Documents.** Within 90 days after this Action concludes by settlement, final judgment, or final order, including conclusion or expiration of time for all appeals, writs, and ancillary orders, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the Party or third party who previously produced the document unless: (1) the document has been admitted into evidence or filed with the Court without restriction as to disclosure; or, (2) the parties agree to destruction of the document to the extent practicable in lieu of return. Counsel for the Party that produced or designated the information as Confidential shall retain the returned materials for five (5) years after the materials are returned.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.** **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any Party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

**12.** **No Prior Judicial Determination.** This Order is entered based on the

9

representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

14. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this Action. But a Party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The provisions of this Protective Order shall apply to Confidential Information and Attorneys' Eyes Only Information produced in this case by third parties if timely requested by the third party who may request application of this Protective Order by timely marking information as Confidential Information or Attorneys' Eyes Only Information in accordance with this Protective Order.

**17.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the sub-poena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Information by the other Party to this case.

**18.     Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege, work-product protection, or other applicable privilege or protection including, but not limited to,

11

information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine or other applicable privilege or protection at a later date. Any Party receiving any such information or document must return it upon request to the producing Party. Upon receiving such a request as to specific information or documents, the receiving Party must return the information or documents to the producing Party within seven (7) days, regardless of whether the receiving Party agrees with the claim of privilege and/or work-product protection, unless the receiving party files a motion with the Court within seven (7) days disputing the privilege claim and attaches the disputed documents under seal for an in camera inspection by the Court. Disclosure of the information or document by the other Party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated:   May 16, 2016

                                        s/ James P. O'Hara
                                        U.S. Magistrate Judge

12

**WE SO MOVE**
**and agree to abide**
**by the terms of this Order**


*/s/ Rex A. Sharp*
Rex A. Sharp KS #12350
Barbara C. Frankland KS #14198
Rex A. Sharp, P.A.
5301 W. 75th Street
Prairie Village, KS   66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
bfrankland@midwest-law.com

Counsel for Plaintiff


Dated: May 16, 2016

**WE SO MOVE**
**and agree to abide**
**by the terms of this Order**


*/s/ Mikel L. Stout*
Mikel L. Stout KS #05811
Foulston Siefkin, LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
(316) 291-9516
(866) 347-5137 fax
mstout@foulston.com

Guy S. Lipe
Mark C. Rodriguez
James L. Leader, Jr.
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
(713) 758-1109
(713) 615-5607 fax
glipe@velaw.com
mrodriguez@velaw.com
jleader@velaw.com

Counsel for Defendant

Dated: May 16, 2016

**ATTACHMENT A**

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated May

___, 2016 in the case captioned *Whisenant v. OXY USA Inc.,* No. 6:15-cv-01342-EFM-JPO

pending in the United States District Court for the District of Kansas, and attached hereto, and

understands the terms thereof, and agrees to be bound by its terms.   The undersigned submits to

the jurisdiction of the United States District Court for the District of Kansas in matters relating to

this Protective Order and understands that the terms of the Protective Order obligate him/her to use

materials designated as Confidential Information in accordance with the order solely for the

purposes of the above-captioned action, and not to disclose any such Confidential Information to

any other person, firm, or concern, except in accordance with the provisions of the Protective

Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                                              Signature